UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-- v. --

DARREN SIRIANI,

Defendant.

13 Cr. 851 (AKH)

**GOVERNMENT'S SENTENCING MEMORANDUM**

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

JASON P. HERNANDEZ
Assistant United States Attorney
   *Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-- v. --<br><br>DARREN SIRIANI,<br><br>    Defendant. | 13 Cr. 851 (AKH) |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The Government respectfully submits this sentencing memorandum in advance of the defendant's sentencing, which is scheduled for Wednesday, May 7th at 4:00pm.  Darren Siriani faces sentencing because he paid approximately $32,000 in bribes to Keith Bush, the former Chief Information Officer for MultiPlan, Inc. ("MultiPlan"), to induce Bush to give Siriani lucrative business opportunities.  MultiPlan is a victim of Siriani's crimes because Siriani's bribes deprived MultiPlan of its right to Bush's honest services.  For the reasons given below, the Government respectfully requests that the Court impose a sentence within the 8 to 14 months' of imprisonment suggested by the U.S. Sentencing Guidelines ("Guidelines").

**I.   Summary of the Offense**

Darren Siriani, the defendant, pled guilty pursuant to a plea agreement to one count of conspiracy to commit honest services fraud and one count of honest services fraud.  (Pre-Sentencing Report ("PSR") ¶ 5).  Siriani paid approximately $32,000 in kickbacks, primarily in the form of cash, dinners, and entertainment, to Keith Bush, MultiPlan's former Chief Information Officer.  As explained below, Siriani made the corrupt payments so that Bush would steer business opportunities to Siriani's company.

MultiPlan is in the business of providing nation-wide medical cost management solutions, such as electronic negotiation and medical reimbursement services, among other things. Part of MultiPlan's business required it to hire database administrators from outside vendors to maintain MultiPlan's various databases. MultiPlan also bought products associated with running a large Information Technology infrastructure, such as computers, printers, and storage devices, such as backup tapes, among other things.

At all relevant times, Siriani owned and operated a company called Optimum Support. (PSR ¶ 10, 61). Among other things, Optimum Support sold computers and computer-related products to businesses, such as MultiPlan. (*Id*.). Siriani and his company had a pre-existing relationship with MultiPlan that allowed Siriani to form a business relationship with Bush, which Siriani exploited to attempt to illegally steer business to his company.

In or about 2009, Siriani began paying Bush bribes with the intention that those bribes would payoff in the form of new business opportunities from MultiPlan. (PSR ¶¶ 12-17). Siriani paid a total of approximately $32,000 in bribes in several different ways. For example, from time to time, Siriani gave Bush cash and he paid for Bush's meals and alcoholic drinks. (*Id*.) Siriani also paid for Bush's travel and entertainment expenses to vacation spots like Las Vegas and Costa Rica. In the case of the Costa Rica trip, Siriani paid for a deep sea fishing trip for Bush and others. (*Id*. ¶¶ 15-17). Siriani also paid more modest bribes to MultiPlan's Director of Database Administration, Anil Singh, who also attended the trips to Las Vegas and Costa Rica. (*Id*.) In one instance, Siriani gave Singh two free tickets to a professional football game in New Jersey and a free parking pass. (*Id*. ¶ 16). In total, Siriani paid approximately $32,000 in bribes, and while he was paying the bribes, he regularly solicited additional business opportunities from MultiPlan. (*Id*. ¶¶ 12-13, 19).

**II.  Other Sentences Imposed In Related Cases**

Two other defendants in related cases have had sentenced imposed on them to date.  Judge Furman imposed a sentence of two years' probation, including 6 months' home detention, 200 hours of community service, and forfeiture pursuant to the terms of the plea agreement, in *United States v. Vadan Kumar Kopalle*, 13 Cr. 820.  Kopalle pled guilty to one count of conspiracy to commit honest services fraud and one count of honest services fraud.  Kopalle's advisory sentencing range was 21 to 27 months.  Kopalle admitted to paying approximately $142,000 in kickbacks.  Kopalle's bribes were successful in that his company obtained business contracts from MultiPlan in exchange for the bribes.

The other related case is *United States v. Kumar*, 13 Cr. 966 (SHS), where Judge Stein imposed a sentence of two years' probation and forfeiture pursuant to the terms of the plea agreement.  Kumar's advisory sentencing range was 6 to 12 months.  Kumar admitted to paying $60,000 in kickbacks.  In the plea agreement, Kumar and the Government agreed to a three level downward adjustment for his minor/minimal role in the offense because Kumar learned of the scheme after it was underway and he made only one corrupt payment.

In both cases, the Court ordered the defendants to pay restitution equal to the forfeiture amount.  As in this case, MultiPlan and the Government agreed that those defendants should not bear the burden of paying any additional restitution, such as attorneys' fees for the expense of MultiPlan's internal investigation, to MultiPlan.  MultiPlan will seek to recover those expenses and other expenses against Bush and Singh.

**III.  The Court Should Impose a Sentence Within the Advisory Guideline Range**

The Guidelines recommend a sentence of 8 to 14 months' imprisonment.  (PSR at 19).  The Government respectfully asks the Court to impose a sentence within the applicable Guideline

range primarily to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(A)-(B).

Siriani's crime was serious. He paid more than $32,000 in bribes to steer business opportunities to his company. This is not a case where the kickback or the bribe can be fairly characterized as *de minimis*. Nor is it a case where the kickback or bribe falls into a potentially grey area. Siriani was paying cash directly to Bush, for example. There is no doubt that Siriani knew it was wrong and illegal to pay cash bribes to MultiPlan's Chief Information Officer. Siriani's efforts were also persistent. Nor was this a one-time payment, but a course of conduct that relied on several different kinds of bribes to induce Bush to favor Siriani when awarding MultiPlan's business.

Siriani's corrupt payments deprived MultiPlan of its right to the honest services of their Chief Information Officer, the highest ranking officer in that department, and MultiPlan's Director of Database Administration. Both positions are high ranking positions that by their nature entrust the title holder with considerable discretion and a duty to act in MultiPlan's best interest. Siriani's bribes robbed MultiPlan of its right to have business decisions made by its employees according to what was best for MultiPlan, not what was best for them.

The crime here was undeniably serious and clearly wrong. A sentence within the Guideline range thus adequate reflects the seriousness of the offense and provides just punishment for the offense.

A sentence within the Guideline range is also appropriate to send a message of general deterrence and to promote respect for the law. Although the defendant may not ever again engage in this sort of unlawful conduct, thus satisfying the need for specific deterrence, a

sentence within the Guideline range is needed to deter others from conducting business in an unlawful manner. A sentence of imprisonment sends a clear message that paying bribes, even if the brines are ultimately unsuccessful, is a serious offense.

### IV. The Court Should Impose A Forfeiture Money Judgment and Order Restitution

Pursuant to the terms of the plea agreement between Siriani and the Government, the Court should impose a forfeiture money judgment of $32,000. The Court should also impose an order of restitution that requires Siriani to pay a total of $32,000. MultiPlan and the Government have consulted about forfeiture and restitution in this case. Both parties agree that a forfeiture order and restitution order for $32,000, which is the amount of the bribes paid by Siriani, is an appropriate sum. Accordingly, neither the Government nor MultiPlan will seek any additional restitution or forfeiture against Siriani.

### Conclusion

For the reasons stated above, the Court should impose a sentence within the advisory Guideline range and impose an order of forfeiture and restitution.

Dated: New York, New York
      May 5, 2014

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By: ___/s/ Jason P. Hernandez_____
JASON P. HERNANDEZ
Assistant United States Attorney
Tel.: 212-637-1024
